**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Chelsea Ivanoff,<br><br>  Plaintiff,<br><br>vs.<br><br>Domestic Detailing, LLC, an Arizona limited liability company; and Michael Antonucci and Jane Doe Antonucci, husband and wife,<br><br>  Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Chelsea Ivanoff, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for her Complaint against

Defendants Domestic Detailing, LLC, Michael Antonucci, and Jane Doe Antonucci avers as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least one year prior to the filing of this action, Defendant had a consistent policy and practice of paying its employees less than the Federal minimum wage.

5. Plaintiff seeks to recover unpaid minimum wages and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and

costs pursuant to 29 U.S.C. § 216(b).

6. Arizona law also protects employees from employers seeking to pay less than minimum wage.

7. Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $7.80 per hour.

8. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

9. For at least one year prior to the filing of this action, Defendant had a consistent policy and practice of paying its employees at a rate less than the State minimum wage.

10. Plaintiff seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to A.R.S. §§ 23-355 and 12-341.01.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

13. At all times material hereto, Plaintiff Chelsea Ivanoff was and continues to be a resident of Maricopa County.

14. On information and belief, at all times material hereto, Defendant Domestic Detailing, LLC, was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

15. On information and belief, at all times material hereto, Defendant Michael Antonucci was and continues to be a resident of Maricopa and is subject to the jurisdiction of this Court.

16. On information and belief, Defendant Michael Antonucci and Defendant Jane Doe Antonucci are husband and wife, and Defendants engaged in their conduct complained of herein for the benefit of their marital community, which remains liable for their misconduct.

17. On information and belief, Defendant Michael Antonucci makes all decisions on the daily activities of his employees and makes all decisions regarding pay policies.

**FACTUAL BACKGROUND**

18. Defendants hired Plaintiff to work as a housekeeper in their commercial housekeeping business. Defendants agreed to pay Plaintiff at a rate of $11.50 per hour.

19. Defendants required Plaintiff to arrive at a business location at 8:15 a.m., Monday through Friday, to load supplies, invoices, and paperwork. Then, Plaintiff was required by Defendants to drive to the homes of various customers to perform housekeeping duties.

20. Plaintiff's work day generally ended at approximately 3:15 p.m., after she had cleaned a number of properties for a number of customers, travelled between various houses, and travelled back to the business location to return cleaning supplies.

21. Defendants required Plaintiff to track the time when she entered a home to provide housekeeping services and when she exited the home, and Defendants paid Plaintiff only for the time spent inside the house of customers, not for any required travel time to or from customers' houses.

22. Despite working approximately thirty-five hours every week, Plaintiff never received payment for more than 25.33 hours and often for fewer than ten hours.

23. While Defendants purported to pay Plaintiff wages at a rate of $11.50 per hour, because Defendants refused to pay Plaintiff for all hours worked, specifically deducting required travel time from her hours worked, Plaintiff's actual hourly compensation fell below the minimum wage.

**COUNT ONE**
**MINIMUM WAGE VIOLATION—29 U.S.C. § 206**

24. Plaintiff incorporates and adopts paragraphs 1 through 23 above as if fully set forth herein.

25. Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

26. Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

27. Plaintiff is entitled to collect the difference between the wages she received and the wages due, over the past two years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

28. Plaintiff has been required to bring this action to recover her federal minimum wages remaining due and unpaid, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendants:

A. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount proved at trial;

B. Awarding Plaintiff liquidated damages in an amount equal to the award;

C. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

D. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

E. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

F. For such other and further relief as the Court deems just and proper.

**COUNT TWO**

## **MINIMUM WAGE VIOLATION—A.R.S. §§ 23-363, -364**

29. Plaintiff incorporates and adopts paragraphs 1 through 28 above as if fully set forth herein.

30. Pursuant to A.R.S. § 23-363, Defendants were required to pay Plaintiff at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiff worked.

31. Defendants willfully failed and refused to pay Plaintiff at least the amount of the Arizona minimum wage when those wages were due.

32. Plaintiff is entitled to collect the difference between the wages she received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

33. Plaintiff has been required to bring this action to recover her Arizona minimum wages remaining due and unpaid, and her statutory damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants:

A. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount proved at trial;

B. Awarding Plaintiff an additional amount equal to twice the underpaid wages;

C.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

D.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

E.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

F.  For such other and further relief as the Court deems just and proper.

## COUNT THREE
## FAILURE TO PAY WAGES

34. Plaintiffs incorporate and adopt paragraphs 1 through 33 above as if fully set forth herein.

35. On information and belief, Defendants failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, at Plaintiff's regular rate of pay while Plaintiff was employed by Defendants.

36. On information and belief, Defendants' failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

37. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

38. Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant:

A. Awarding Plaintiff regular compensation in the amount due to her for all of Plaintiff's time worked for which Defendant has not paid Plaintiff;

B. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph;

C. Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

D. Awarding Plaintiff costs and expenses reasonably incurred in this action;

E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

39. Plaintiff incorporates and adopts paragraphs 1 through 38 above as if fully set forth herein.

40. Plaintiff and Defendants have a dispute pending pursuant to the minimum wage provisions of the Fair Labor Standards Act and Arizona law.

41. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

42. Plaintiff is entitled to declarations, and respectfully requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendants employed Plaintiff.

    b. Defendants are engaged in an enterprise covered by the wage provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

    d. Defendants failed to pay Plaintiff for all time that she worked for Defendants, omitting, without limitation, her travel time to and from worksites.

    e. Defendants failed to compensate Plaintiff at a rate greater than or equal to the Federal minimum wage.

    f. Defendants failed to compensate Plaintiff at a rate greater than or equal to the Arizona minimum wage.

    g. Defendants' failures to pay Plaintiff her wages in accordance with Federal and state laws were willful and in bad faith.

    h. Plaintiff is entitled to her Federal minimum wages and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216.

      i. Plaintiff is entitled to her Arizona minimum wages and an additional amount equal to twice her unpaid wages pursuant to A.R.S. § 23-364(G).

      j. Plaintiff is entitled to payment of her wages unpaid when due and treble damages pursuant to A.R.S. § 23-355.

      k. Plaintiff is entitled to collect her costs and attorneys' fees incurred herein.

      l. Plaintiff is entitled to prejudgment interest.

43. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue and preventing future harm.

44. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    A. Declaring, pursuant to the Declaratory Judgments Act, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    B. Declaring that the acts and practices complained of herein are in violation of the minimum wage provisions of Arizona law;

    C. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation; and

    D. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

1    Plaintiff and all similarly situated employees hereby request that, upon trial of this
2    action, all issues be submitted to and determined by a jury except those issues expressly
3    reserved by law for determination by the Court.
4    Dated: January 9, 2014

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: /s/ John L. Collins
    John L. Collins
    Arizona Bar No. 030351
    johnc@phillipsdayeslaw.com
    Attorney for Plaintiffs